IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 7, 2018

**DAETRUS PILATE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 11-05220, 12-01054    Lee V. Coffee, Judge**

_____

**No. W2017-02060-CCA-R3-PC**

_____

Petitioner, Daetrus Pilate, filed a pro se petition for post-conviction relief claiming that his confession was coerced and that he received the ineffective assistance of counsel in Case No. 11-05220. After appointment of counsel, an amended petition was filed claiming that Petitioner received ineffective assistance of counsel in Case No. 11-05220 and in Case No. 12-01054. Following a hearing, the post-conviction court denied relief. After a thorough review of the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Ernest J. Beasley, Memphis, Tennessee, for the appellant, Daetrus Pilate.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

Petitioner was convicted in Case No. 12-01054 ("the assault case") of aggravated assault by use of a deadly weapon and evading arrest in a motor vehicle creating a high risk of death or injury. Several Shelby County Sheriff Department Officers were attempting to arrest Petitioner after he was indicted in Case No. 11-05220. They located

Petitioner and his eighteen-year-old son in Petitioner's jeep in the car waiting line of a school. When Petitioner made eye contact with the officers, he exited the car line and attempted to flee. After a high speed pursuit, Petitioner turned onto the street where he lived and pulled into his driveway. Officers ordered Petitioner to turn off the engine and exit the vehicle. Instead, Petitioner gunned his vehicle striking Detective Shaw on his right side and running over his foot and ankle. Detective Shaw fired three shots at Petitioner's vehicle. One round struck Petitioner who stopped at the end of his street and was apprehended. The trial court sentenced him to a total effective sentence of nine years' incarceration, and the convictions and sentences were affirmed on appeal. *State v. Daetrus Pilate*, No. W2014-01593-CCA-R3-CD, 2015 WL 5173096, at \*1 (Tenn. Crim. App. Aug. 31, 2015), *no perm. app. filed*.

In Case No. 11-05220 ("the rape case"), Petitioner was convicted of rape of a child, aggravated sexual battery, sexual battery by an authority figure, and incest and received an effective sentence of forty-nine years. Petitioner's daughter testified about repeated rapes and sexual assaults that occurred over the course of ten years beginning when she was four or five years old. The convictions and sentences were affirmed on appeal. *State v. Daetrus Pilate*, No. W2015-00229-CCA-R3-CD, 2016 WL 369589, at \*1 (Tenn. Crim. App. Jan. 29, 2016), *no perm. app. filed*. .

On August 3, 2016, Petitioner filed a pro se post-conviction relief petition, claiming that his confession was coerced and that he was denied effective assistance of counsel in the rape case. Specifically, he claimed trial counsel failed to: (1) "call witnesses that were present at trial," (2) object to statements made by the victim "pertaining to other victims," (3) adequately prepare him for trial, (4) object to a statement by the trial court concerning corroboration of a victim's statement, (5) obtain the victim's medical records, and (6) obtain lease agreements to show where Petitioner lived at various times relative to the victim's claims.

After entry of a preliminary order and appointment of counsel on August 19, 2016, an amended petition claiming Petitioner received ineffective assistance of counsel in both the assault case and the rape case was filed on March 27, 2017.[1] The amended petition incorporated the claims made in the pro se petition and specifically asserted that trial counsel failed to: (1) call character witnesses, (2) communicate adequately and provide all relevant information, (3) properly investigate in both cases, and (4) object to

---

[1] Tennessee Code Annotated section 40-30-107(b)(2) provides that counsel or a pro se petitioner "must file an amended petition or a written notice that no amendment will be filed" and that "[t]he amended petition or a written notice shall be filed within thirty (30) days of the entry of the preliminary order, unless extended for good cause." Although the record is silent as to "good cause," the post-conviction court apparently waived the untimeliness of the amended petition because the court considered grounds raised for the first time in the amended petition at the hearing.

Petitioner's excessive bail.[2]   Petitioner also claimed that he was denied effective assistance of counsel based on the cumulative errors committed by trial counsel in both cases.[3]

## Post-Conviction Hearing

The post-conviction court conducted a hearing on August 23, 2017.  Trial counsel testified that she had been practicing criminal law since 2001 and was appointed to represent Petitioner in both cases after the Public Defender was allowed to withdraw because of a conflict.  The Public Defender's office provided her the discovery it had received.  The State elected to try the assault case first.  Proof of serious bodily injury was provided through the testimony of the police officer who was the victim of the aggravated assault.  Trial counsel cross-examined the officer about his injury.

Regarding the rape case, trial counsel stated that she did not call the victim's family members as character witnesses because they were reluctant to testify because the victim was Petitioner's daughter.  She said Petitioner did not provide the names of any non-family character witnesses who would testify.  She said that Petitioner asked her to look at lease agreements which he claimed cast doubt on some of the incidents and that he gave her "all kinds of paper" that he wanted her to introduce at trial, but the papers were either damaging or not admissible.  She said one of the State's rebuttal witnesses arrived at the last minute, and the trial court offered both sides an opportunity for a continuance.  She said she was familiar with what testimony of the witness would probably be, was prepared for cross-examination, and did not think a continuance was needed.  She explained that the victim in the case had communicated something to the Public Defender that created a conflict and that Petitioner was certain the victim would recant.  Before trial, the victim came to trial counsel's office stating that she wanted to recant.  She asked the victim to go to the district attorney's office and "tell them what she told me."[4]  She said the victim made multiple appointments with the State but never kept the appointments.  The victim testified during the State's case in chief "that she had been molested by her father."  Trial counsel subpoenaed Kathy Kent, the assistant public defender initially assigned to represent Petitioner.  Ms. Kent testified that the victim approached her wanting to recant.[5]  Trial counsel testified that she met with Petitioner several times and that she had everything she needed to be ready for trial.

---

[2] Other than claim (3), the amended petition does not state if the claims apply to both cases or one of the cases.

[3] The same trial counsel represented Petitioner in both cases.

[4] What the victim told trial counsel does not appear in the record.

[5] In the opinion of the direct appeal, this court summarized Ms. Kent's testimony as follows:

On cross-examination, trial counsel stated she discussed asking for a continuance of the rape trial with Petitioner when the State's rebuttal witness arrived at the last minute; but, Petitioner wanted to go forward with the trial. She stated that she discussed the strengths and weaknesses of the cases with Petitioner and advised him about possible punishment. She said Petitioner's son testified for Petitioner in both the assault trial and the rape trial.

On redirect examination, trial counsel agreed that there were supposed to be two videos in the assault case, one of the police chase and one of the incidents that led to the assault charge. The videos were played at the trial. She said that a short portion of the video of the assault was "not viewable." The officer testified that something went wrong with the video. She stated she thought she made the proper objection to the video.

In questioning by the post-conviction court, trial counsel stated that she had tried between twenty and twenty-five criminal jury trials, including trials involving charges of first degree murder.

Petitioner testified that he was first represented by the Public Defender for about a year and then by trial counsel for a year and a half. He said trial counsel met with him three or four times before trial. He said he received discovery while incarcerated, but he was never provided medical documentation concerning the injury to the officer as part of the discovery in the assault case.[6] He said he wanted trial counsel to get the "lease agreements from all the apartment complexes that [he] lived in since [he had] been in Memphis." Petitioner's daughter had testified about rapes and sexual assaults that she said occurred at several apartment complexes where the family had lived. Petitioner claimed trial counsel "pushed [him] to . . . go ahead" with the trial rather than seek a

---

During Defendant's case-in-chief, Kathy Kent testified that she was the assistant public defender initially assigned to represent Defendant in this case. In the fall of 2012, four or five months after being assigned, Ms. Kent was informed that L.P. was in the courtroom and wanted to speak to her. They left the courtroom and Ms. Kent introduced herself. L.P. admitted to Ms. Kent that she had previously told other people that Defendant raped her, but she denied that it actually happened. L.P. told Ms. Kent that there had not been a rape or any other sexual misconduct by Defendant. L.P. explained that she had lied to the police about why she was upset because "she was afraid she was going to get punished for staying out too late with her boyfriend and was afraid that her father would punish her." L.P. denied to Ms. Kent that anyone was pressuring her to recant her allegations.

*Daetrus Pilate*, 2016 WL 369589 at *5.

[6] We note that Petitioner was indicted for and convicted of aggravated assault by use of a deadly weapon, not aggravated assault that resulted in serious bodily injury.

- 4 -

continuance when the State's rebuttal witness arrived at the last minute. He said he had character witnesses, including his sister and his girlfriend, who were present at trial. He asked trial counsel to call them but was told that they would not be "beneficial." He said that, during the assault trial, the State offered to settle his cases for twenty-five years. He said that the Public Defender also said the State offered to settle the cases for twenty-five years.

Petitioner read a letter that he wrote to trial counsel after he was convicted which stated that trial counsel did not adequately investigate his cases, did not adequately prepare him to testify, and did not discuss the possible sentences he faced. He also claimed that he "was not of sound mind" at the time of trial because of the nature of the charges against him, having been incarcerated for three years, and having recently lost his mother.

On cross-examination, Petitioner stated that he testified at the trial in the assault case but did not testify in the rape case.

The post-conviction court entered its written order on September 29, 2017. The court found that Petitioner's testimony at the post-conviction hearing was not credible, and "his post-conviction testimony [wa]s inconsistent and contradictory with his testimony at the trial [of the assault case.]" The court accredited the testimony of trial counsel.

The post-conviction court found that Petitioner failed to prove by clear and convincing evidence that trial counsel was ineffective. The court noted that Petitioner did not call any witnesses at the post-conviction hearing that he claimed should have been called at trial and that he did not produce the leases or medical records that he claimed should have been introduced at trial. The court found that Petitioner "failed to establish how the calling of any other witnesses in this trial would have made a difference in the results of the trial." The court found that trial counsel discussed strategy with Petitioner and that she "investigated the case properly and was prepared for trial." The court also found that Petitioner failed to prove "how further preparations by his trial counsel might have been helpful." The court found that trial counsel employed "a well-founded strategy" involving "challenging the credibility of the State's witnesses and their motives for testifying."

The post-conviction court determined that issues such as sufficiency of the evidence, credibility of trial witnesses, and excessive bail should have been raised on direct appeal and not as free-standing claims in a post-conviction proceeding.

- 5 -

The post-conviction court concluded that "[i]t appears [P]etitioner is suffering from a classic case of 'Buyer's Remorse,' in that he is no longer satisfied with the choice he made when he rejected a possible guilty plea and insisted on a jury trial." The court denied post-conviction relief, and the Defendant timely appealed.

## Analysis

On appeal, Petitioner raises a single claim that "trial counsel's representation fell below the standards set forth in *Baxter v. Rose*," 523 S.W.2d 930 (Tenn. 1975). The State avers that Petitioner's post-conviction claims in the assault case were raised for the first time in the amended petition and therefore were not timely filed and that the post-conviction court does not have the authority to consider cases arising from separate jury trials in a single post-conviction case. Petitioner did not file a reply brief addressing the timeliness of the claim in the assault case or addressing the State's assertion that the post-conviction court lacked the authority to consider the claims for relief in the assault case. The State also claims that Petitioner failed to establish that trial counsel's assistance was ineffective in the rape case or in the assault case. We agree with the State.

## Post-Conviction Petition in Assault Case

Tennessee Code Annotated section 40-30-104(c) provides:

> The petition for post-conviction relief shall be limited to the assertion of claims for relief from the judgment or judgments entered in a single trial or proceeding. If the petitioner desires to obtain relief from judgments entered in separate trials or proceedings, the petitioner must file separate petitions.

The judgments of conviction in the assault case and the judgments of conviction in the rape case were entered as the result of separate jury trials. The pro se petition sought post-conviction relief only in the rape case. The amended petition sought relief in both the rape case and the assault case. The post-conviction court should have summarily dismissed the post-conviction claims related to the assault case raised for the first time in the amended petition. Because the claims related to the assault case should have been summarily dismissed, we need not address the timeliness of the petition in the assault case. We will only address whether Petitioner received the ineffective assistance of counsel in the rape case.

- 6 -

**Ineffective Assistance of Counsel**

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). "[A]ppellate courts are bound by the post-conviction court's underlying findings of fact unless the evidence preponderates against them." *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. *Id.*; *Fields*, 40 S.W.3d at 456 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Fields*, 40 S.W.3d at 456 (citing Henley, 960 S.W.2d at 579); *see also Kendrick*, 454 S.W.3d at 457. The post-conviction court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. *Kendrick*, 454 S.W.3d at 457.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove two factors: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for a court to grant post-conviction relief. *Strickland*, 466 U.S. at 687; *Henley*, 960 S.W.2d at 580; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (citing *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004)). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Henley*, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to the first prong of the *Strickland* analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523

S.W.2d 930, 936 (Tenn. 1975)); *see also Goad*, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. *Goad*, 938 S.W.2d at 370. Therefore, under the second prong of the Strickland analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

On appeal, Petitioner limited the issues raised in his post-conviction petitions to the effectiveness of trial counsel, claiming that she was "not properly prepared to go to trial" because she failed "to properly investigate" and that there were "matters which were not properly addressed by counsel which were outcome determinative." The brief does not state what "matters . . . were not properly addressed[.]"

As previously stated, the post-conviction court found that Petitioner's testimony at the post-conviction hearing was not credible and accredited the testimony of trial counsel. Trial counsel testified that she received and reviewed the discovery provided by the State to the Public Defender and that she met with Petitioner several times and had everything she needed to be ready for trial. The post-conviction court found that trial counsel discussed strategy with Petitioner and that she "investigated the case properly and was prepared for trial." The post-conviction court also found that Petitioner failed to prove "how further preparations by his trial counsel might have been helpful."

If by "matters not properly addressed," Petitioner is referring to the failure to call certain witnesses to establish his character, or the failure to obtain medical records of the victim in the rape case, or the failure to obtain the leases; then we agree with the findings of the post-conviction court. Petitioner did not call any character witnesses at the post-conviction hearing that he claimed should have been called at trial, and he did not produce the leases or medical records that he claimed should have been introduced at trial. "To succeed on a claim of ineffective assistance of counsel for failure to call a witness at trial, a post-conviction petitioner should present that witness at the post-conviction hearing." *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008). The post-conviction court cannot speculate as to what the testimony of the missing witness may have been at trial and therefore cannot determine if the testimony would have amounted to critical evidence. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

Without the post-conviction hearing testimony of a missing trial witness, it is nearly impossible for a petitioner to show that trial counsel's deficient performance in failing to discover or call a trial witness prejudiced the defense. *See Strickland*, 466 U.S. at 687. The same is true for documents that a petitioner claims should have been presented at trial. Failure to present the documents at the post-conviction hearing makes it nearly impossible for Petitioner to show that trial counsel's deficient performance in failing to obtain or introduce the document at trial prejudiced the defense.

Petitioner has failed to prove that he received ineffective assistance of counsel in the rape case.

## Conclusion

The judgment of the post-conviction court denying relief is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE